# IN THE COURT OF APPEALS OF IOWA

No. 24-1440
Filed July 8, 2026

**James Charles Tyson Sr.,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Scott County,
The Honorable Tamra Roberts, Judge.

**AFFIRMED**

Matthew L. Noel of Noel Law Office, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

James Tyson Sr. appeals the district court order granting summary disposition in favor of the State and dismissing his third postconviction-relief (PCR) application as untimely. On appeal, Tyson argues that the State filed a motion to dismiss, not a motion for summary disposition, and the district court evaluated the motion using the incorrect standard. Under a dismissal standard, Tyson argues he sufficiently pled a newly discovered evidence claim and the district court should have allowed his application to proceed. On our review, we conclude the district court used the correct standard and properly dismissed Tyson's application as failing to generate a question of material fact. We therefore affirm.

## I. Background Facts and Proceedings.

In 2009, Tyson attacked a stranger outside of a bar, stabbing him more than a dozen times. After a bench trial, Tyson was convicted of attempted murder and willful injury causing serious injury. Tyson's convictions were affirmed on direct appeal. *State v. Tyson*, No. 11-0433, 2012 WL 836846, at *1 (Iowa Ct. App. Mar. 14, 2012). Procedendo issued on June 14, 2012. In the years that followed, Tyson filed two PCR applications and a federal habeas corpus petition, all of which were dismissed or denied.

In April 2024, almost twelve years after procedendo issued in his underlying criminal appeal, Tyson filed his third PCR application. Tyson raised a variety of claims of ineffective assistance of counsel, newly discovered evidence, and constitutional violations. Relevant to this appeal, Tyson alleged that an individual named Felicia Scott witnessed the stabbing and, if interviewed, could support Tyson's self-defense claim.

In June, the State filed a motion to summarily dismiss Tyson's third PCR application. The motion was captioned "Motion to Dismiss," but was brought under Iowa Code section 822.6(3) (2024), the summary-disposition provision. The motion alleged that Tyson's claims were barred by the three-year statute of limitations in section 822.3.

Tyson resisted the motion. In the resistance, Tyson's counsel noted, "The undersigned is unclear whether this is a motion to dismiss as captioned or a motion for summary disposition as referenced generally within the motion, so the undersigned will address both issues." Tyson's counsel then provided a resistance to a pre-answer motion to dismiss and a resistance to a motion for summary disposition.

The court set a hearing on the motion for August 15. On July 26, Tyson's counsel filed a motion for a private investigator. The court granted the private-investigator motion on August 12.

At the August 15 hearing, the State addressed the motion as "a motion for summary dismissal." In response, Tyson's counsel again acknowledged that she was unsure whether it was a motion to dismiss or motion for summary disposition. If it was a motion to dismiss, Tyson's counsel argued that the pleadings stated a claim for relief. If it was a motion for summary disposition, counsel argued she needed additional time to investigate the newly discovered evidence claim.

After the hearing, the district court granted the State's motion. In a footnote in the court's ruling, the court noted that the State's "filing is titled 'Motion to Dismiss;' however, the motion seeks 'summary disposition dismissing this action.' As post-conviction relief is a special proceeding, [the

State] properly makes a motion for summary disposition. The standard is the same as that in a motion for summary judgment. *See* I.C.A. § 822.6(3)."

Regarding any newly discovered evidence from Scott, the court explained:

> a transcript of the original bench trial reveals [Tyson] testified that he was "talking to Felicia Scott" at the bar where the incident occurred on July 3, 2009. After approximately ten minutes of conversation with Ms. Scott, [Tyson] left, walking out the door of the establishment. Clearly, the trial court, counsel for both parties, and [Tyson] himself were aware of Ms. Scott's presence that evening and chose not to depose her or raise the issue of her potentially exonerating testimony. [Tyson] does not even know what Felicia[] Scott's testimony would be. H[e] supposes that it would be beneficial to him, but there is nothing to support that this alleged favorable new testimony even exists. In this case, the grounds alleging new evidence must be dismissed because they fail to meet the statutory requirements.

In granting the State's motion, the court found that Tyson's claims were "legally insufficient to establish a genuine issue of material fact." Tyson appeals.

## II. Standard of Review.

We review a district court ruling granting summary disposition of a PCR action for correction of legal error. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III. Analysis.

On appeal, Tyson argues, "It is clear from the District Court's decision the Court analyzed the State's Motion under a Motion to Dismiss standard." Tyson claims that under a motion to dismiss standard, he sufficiently stated a claim for relief and the district court's dismissal was premature. On our review, we conclude the motion was a motion for

4

summary disposition and the district court properly evaluated the claim under that standard. Because Tyson failed to raise a genuine issue of material fact on his newly discovered evidence claim, the court properly granted the motion.

**A. Dismissal or Summary Disposition.** To properly evaluate Tyson's appeal, we must first determine whether the ruling on appeal was for dismissal or summary disposition. Based on our review of the record, we conclude the motion, despite its caption, was a motion for summary disposition, and the court evaluated the motion using the summary-disposition standard.

Although the motion was captioned "Motion to Dismiss," the first sentence stated that the motion was brought under Iowa Code section 822.6(3), which provides:

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The motion's prayer for relief requested that the "court schedule this motion for hearing and grant a summary disposition dismissing this action." Tyson's resistance to the motion expressed some confusion about whether the motion was one for dismissal or summary disposition, but his counsel resisted under both standards. We conclude that, despite the caption, the motion was a motion for summary disposition.

Additionally, the court's ruling expressly stated that the State "properly makes a motion for summary disposition." The court then analyzed Tyson's claims using the summary-disposition standard,

concluding that the claims were "legally insufficient to establish a genuine issue of material fact and [the State] is entitled to judgment as a matter of law." *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018) (discussing summary-disposition standard). We conclude the court analyzed the motion using the proper standard.

Having concluded the motion was a motion for summary disposition and the court analyzed the motion using the correct standard, we must next determine whether the court reached the right result.

**B. Newly Discovered Evidence.** Under Iowa Code section 822.3, Tyson was required to file his PCR application within three years of the issuance of the writ of procedendo, unless he alleged "a ground of fact or law that could not have been raised within the applicable time period." It is undisputed that Tyson's third PCR application was filed beyond the three-year time limit. To avoid the statute of limitations, Tyson relies on the ground-of-fact exception, relying on Scott's would-be testimony. But even if he could satisfy the ground-of-fact exception, he cannot generate a question of material fact on his substantive newly discovered evidence claim. *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) (reiterating that the ground-of-fact exception is distinct from a substantive claim for PCR bases on newly discovered evidence).

To establish a meritorious newly discovered evidence claim, Tyson must show all of the following:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (citation omitted).

Tyson does not address how his claim meets these elements. Instead, he argues that he sufficiently pled a newly discovered evidence claim such that it would survive a motion to dismiss, and he should be permitted to conduct discovery and depose Scott to determine if "she will be able to corroborate his version of events." In Tyson's view, "there [were] not enough facts in the record . . . to determine if this evidence qualifies" under the newly discovered evidence standard.

Even if Scott's testimony corroborated Tyson's version of events, this evidence could have been discovered earlier in the exercise of due diligence. Tyson acknowledges that he discussed Scott during his testimony at his underlying criminal trial. At trial, he was asked what he did when he arrived at the bar on the night of the stabbing. Tyson replied, "I started talking to Felicia Scott." When asked whether Scott was his girlfriend, he replied, "No, it's somebody I knew in school growing up." Because Tyson was aware of Scott at the time of his trial, he could have pursued this evidence at that time. As the PCR court acknowledged, "Clearly, the trial court, counsel for both parties, and [Tyson] himself were aware of Ms. Scott's presence that evening and chose not to depose her or raise the issue of her potentially exonerating testimony." Based on the foregoing, Scott's testimony would not qualify as newly discovered evidence.

Finally, Tyson argues the PCR court should have taken his mental state during the underlying criminal proceedings into consideration when ruling on his newly discovered evidence claim. The underlying proceedings were suspended for several months while Tyson underwent competency evaluation and restoration. Because of that, Tyson argues he and his trial counsel could not conduct discovery for almost a year.

We do not find Tyson's pre-trial mental state relevant to his newly discovered evidence claim. Tyson's competency was restored before his criminal trial, and he testified about Scott at trial. He was clearly aware of her identity regardless of any prior competency issues. Tyson could have raised a PCR claim relating to Scott. He did not do so. Because Tyson cannot generate a question of material fact as to the first element of a substantive newly discovered evidence claim, the district court correctly granted the State summary disposition.

## IV. Conclusion.

Tyson has failed to establish the elements of a newly discovered evidence claim. We conclude the district court properly granted the State's motion for summary disposition.

**AFFIRMED.**